UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN L. HARRIS,<br><br>      Plaintiff,<br><br>  v.<br><br>LT. PRYOR and JOAN CASTANED,<br><br>      Defendants. | Case No. 1:25-cv-00203-AKB<br><br>**INITIAL REVIEW ORDER BY**<br>**SCREENING JUDGE** |

  The Clerk of Court conditionally filed Plaintiff Steven L. Harris's Complaint because of Plaintiff's status as an inmate and in forma pauperis request.[1] A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

  Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.  Motion for Disqualification**

  As an initial matter, the Court must address Plaintiff's request that the undersigned judge disqualify herself. In his Motion for Judge Disqualification, Plaintiff incorrectly asserts that a party

---

[1]  This case was initially severed from another of Plaintiff's cases. *See* Dkt. 1 in this case; Dkt. 13 in *Harris v. Bevan*, No. 1:24-cv-00559-AKB (D. Idaho April 8, 2025). Accordingly, this case is proceeding only as to Plaintiff's mail-interference claims against Defendants Pryor and Castaned.

may require disqualification (or recusal) of a judge without a statement of grounds in support. Dkt. 7 at 1. Although the Idaho state courts have a procedural rule permitting a party one automatic disqualification without stating a supporting basis, the federal courts do not have a comparable rule. Instead, 28 U.S.C. §§ 144[2] and 455[3] govern a federal judge's disqualification. Plaintiff has not shown that either section—or any case interpreting those sections—applies in this case.

---

[2]    Section 144 provides that a judge must recuse herself from a case "[w]henever a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[3]    Section 455 provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Plaintiff contends that the undersigned judge is a friend of the Defendants and has attended "cookouts" and played golf with them. Plaintiff is mistaken. The undersigned does not know and has never met either Defendant Castaned or Defendant Pryor.

Therefore, the Court concludes that the impartiality of the undersigned judge would not reasonably be questioned. Further, Plaintiff has not shown that the Court is biased or prejudiced. Accordingly, Plaintiff's motion for disqualification will be denied for lack of a viable legal theory and insufficient supporting evidence.

## 2.    Review of Complaint

### A.    *Standards of Law for Screening Complaints*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885

F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B.    *Factual Allegations*

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. Plaintiff claims that, in October 2023, he received mail from a court that had been opened outside of his presence by a prison mail clerk, Defendant Joan Castaned. Plaintiff claims that Castaned acted intentionally and with premeditation. *Am. Compl.*, Dkt. 2, at 15. Plaintiff submitted a concern form about the incident, and Defendant Lieutenant Pryor came to speak to Plaintiff about it. Pryor refused to report the incident as a crime as Plaintiff requested, and Pryor stated there was nothing to report. *Id*. at 13.

Plaintiff claims that Castaned and Pryor's actions violated the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution. *Id*. at 13, 15.

### C.    *Discussion*

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045. Further, a defendant whose only role in a constitutional violation involved the denial of an administrative grievance cannot be held liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### i.    Fourteenth Amendment Claims

The Fourteenth Amendment guarantees the right to due process of law. However, where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Because the First Amendment is an explicit textual source for inmates' claims of mail interference, the Court will analyze Plaintiff's claims under that amendment.

### ii.    First Amendment Claims

Inmates enjoy a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). However, a prison or jail may adopt regulations or practices that impinge on a prisoner's First Amendment rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

Different standards apply to restrictions on inmate mail, depending on whether the mail is considered legal mail or non-legal mail. Because "freedom from censorship is not equivalent to freedom from inspection or perusal," prison officials have the right to open and to inspect inmates' incoming and outgoing mail. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). However, prison officials may not *read* an inmate's legal mail. *Id.*; *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017). *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir. 2017). Further, inmates have a right to have their legal mail opened and inspected only in their presence. *Hayes*, 849 F.3d at 1212.

To state a colorable First Amendment claim that legal mail was opened outside the presence of an inmate, the plaintiff must allege that the mail was from an attorney and that the mail "was properly marked as 'legal mail.'" *Id.* at 1211. Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *as amended*, 135 F.3d 1318 (9th Cir. 1998).

A plaintiff need not allege a longstanding practice of opening inmates' legal mail outside of their presence. *Hayes*, 849 F.3d at 1212. However, the negligent opening of an inmate's legal mail outside the presence of the inmate does not give rise to liability under § 1983. Instead, a plaintiff must allege that the Defendant who opened the legal mail did so "arbitrarily or capriciously." *Id.*; *see also id.* at 1218 ("An allegation that prison officials opened a prisoner's legal mail, without an allegation that the mail was deliberately and not negligently opened, is not sufficient to state a cause of action under § 1983.") (Bybee, J., concurring).

Plaintiff's Complaint reveals that Defendant Castaned opened a piece of mail that was sent to Plaintiff from a court—not from an attorney. Therefore, this mail was *not* legal mail, *see Keenan*,

83 F.3d at 1094, and Defendants were not obligated to open it only in Plaintiff's presence. Accordingly, Plaintiff's First Amendment claims are implausible.

iii.    Fourth Amendment Claims

Plaintiff claims that Defendants' opening of his incoming mail violated the Fourth Amendment.

The Fourth Amendment protects against unreasonable searches and seizures by the government. Whether a search has occurred "depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740 (1979). This inquiry "normally embraces two discrete questions. The first is whether the individual, by his conduct, has exhibited an actual (subjective) expectation of privacy—whether . . . the individual has shown that he seeks to preserve something as private. The second question is whether the individual's subjective expectation of privacy is one that society is prepared to recognize as reasonable." *Id.* (internal quotation marks, citations, and alterations omitted).

Prisoners have no legitimate expectation of privacy entitling them to the protections of the Fourth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). As a result, Plaintiff's Fourth Amendment claims fail as a matter of law.

Additionally, the search of an inmate's mail is not unreasonable under the Fourth Amendment because, as explained by the United States Supreme Court, "prison administrators are to take all necessary steps to ensure the safety" of inmates, prison staff, and visitors:

> Prisons, by definition, are places of involuntary confinement of persons who have a demonstrated proclivity for antisocial criminal, and often violent, conduct. Inmates have necessarily shown a lapse in ability to control and conform their behavior to the legitimate standards of society by the normal impulses of self-restraint; they have shown an inability to regulate their conduct in a

way that reflects either a respect for law or an appreciation of the rights of others. . . .

> Within this volatile "community," prison administrators . . . are under an obligation to take reasonable measures to guarantee the safety of the inmates themselves. They must be ever alert to attempts to introduce drugs and other contraband into the premises which, we can judicially notice, is one of the most perplexing problems of prisons today; they must prevent, so far as possible, the flow of illicit weapons into the prison; they must be vigilant to detect escape plots, in which drugs or weapons may be involved, before the schemes materialize. In addition to these monumental tasks, it is incumbent upon these officials at the same time to maintain as sanitary an environment for the inmates as feasible, given the difficulties of the circumstances.

*Id*. at 526–27.

Relying on *Hudson*, the Ninth Circuit has held that searches of inmates' mail do not violate the Fourth Amendment where prison staff were "acting to keep the prison safe and free of contraband." *Ransom v. Greenwood*, 288 F. App'x 396, 397 (9th Cir. Aug. 1, 2008) (unpublished). Here, there is nothing in the Complaint to suggest that the opening of Plaintiff's mail was not in accordance with prison administrators' responsibility to protect the safety and security of the institution. *See id.* Accordingly, Plaintiff's Fourth Amendment claims are implausible.

      iv.      <u>Fifth Amendment Claims</u>

The Fifth Amendment guarantees (1) the right to a grand jury in federal criminal cases, (2) the right not to be subject to double jeopardy, (3) the right to be free from compelled self-incrimination, (4) the right to due process from the federal government, and (5) the right to compensation from the taking of private property for public use. *See* U.S. Const., amend. V. None of these rights is implicated by the allegations in the Complaint. Accordingly, Plaintiff's Fifth Amendment claims are implausible.

3.      **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions

complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v.*

*Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499

U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's

actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740,

743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights

violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28

U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.

1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions

devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following:

(1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional

rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract)

or a private entity performing a state function; (3) the dates on which the conduct of the defendant

allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the

particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging

the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and

(8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single

pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents.

Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course

or upon a motion to amend, must reproduce the entire pleading as amended. The proposed

amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

*v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.    Plaintiff's Motion for Judge Disqualification (Dkt. 7) is **DENIED**.

2.    The Complaint fails to state a claim upon which relief may be granted. Plaintiff has **twenty-eight (28) days** within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint)

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[4]

3.     If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

4.     Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is **DENIED** without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 4, 2025

Amanda K. Brailsford
U.S. District Court Judge

---

[4]     A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).